UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GIFFORD PINCHOT TASK FORCE; NORTHWEST ECOSYSTEM ALLIANCE; PACIFIC CREST BIODIVERSITY PROJECT, Washington non-profit organizations; and, CASCADIA WILDLANDS PROJECT; NORTHWEST ENVIRONMENTAL DEFENSE CENTER; OREGON NATURAL RESOURCES COUNCIL FUND; AMERICAN LANDS ALLIANCE; BARK; KLAMATH-SISKIYOU WILDLANDS CENTER, Oregon non-profit organizations,<br><br>　　　　　Plaintiffs,<br>　vs.<br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　　　　Defendant<br><br>AMERICAN FOREST RESOURCES COUNCIL,<br><br>　　　　　Defendant-Intervenor. | Case No.: C00-5462-FDB<br><br>ORDER GRANTING PLAINTIFFS' PARTIAL SUMMARY JUDGMENT PURSUANT TO THE COURT OF APPEALS OPINION AND ORDER |

In November, 2000, Plaintiffs challenged approximately 124 FWS biological opinions as arbitrary capricious and not in accordance with the Endangered Species Act (ESA). In March, 2002, Plaintiffs moved for partial summary judgment on all of their legal claims, but with respect

ORDER - 1

1 to only the six of the biological opinions for which Defendants had produced administrative
2 records. Dkt#95. Defendants and Defendant-Intervenor cross-moved. Dkt#109, 113. On July
3 12, 2002, the district court issued its Order, granting Defendants's motion for partial summary
4 judgment, granting Defendant-Intervenor's motion for summary judgment and denying Plaintiffs'
5 Motion for Summary Judgment and to Strike. Order at 8 (Dkt#125). Plaintiffs moved this Court
6 for entry of final judgment on all claims against six biological opinions pursuant to Fed. R. Civ. P.
7 54(b) (Dkt#130), which this Court granted. Order (March 7, 2003) (Dkt.#140). On March 17,
8 2003, this Court entered a Judgment that it is Ordered and adjudged:

> Defendants' Motion for Partial Summary Judgment is granted. The Court finds that the Fish and Wildlife Service "no jeopardy" and "no adverse modification" findings are correct. The six biological opinions are not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

12 Judgment (Dkt#141).

13 Thereafter, Plaintiffs appealed to the United States Court of Appeals for the Ninth Circuit.
14 Notice of Appeal (Dkt#142). On August 6, 2004, the Ninth Circuit issued its opinion and order.
15 Gifford Pinchot Task Force v. U.S. Fish and Wildlife Service, 378 F.3d 1059, 1065-68 (9th Cir.
16 2004). On February 7, 2005, the Ninth Circuit issued the mandate.

17 The Court of Appeals ruled in favor of Defendants and Defendant-Intervenor on all
18 arguments related to Defendants' jeopardy determinations. Gifford Pinchot Task, 378 F.3d at
19 1065-68. The Ninth Circuit affirmed this Court's grant of summary judgment to the Defendants on
20 the jeopardy analysis. Id. at 1068.

21 The Ninth Circuit ruled in favor of Plaintiffs by holding Defendants' interpretation of
22 "adverse modification," 50 C.F.R. § 402.02, is unlawful, and that the error in the regulation was
23 not harmless. Id. at 1069-1075. The Ninth Circuit concluded that the "critical habitat analysis is
24 therefore irredeemably flawed." Id. at 1075. The Ninth Circuit also ruled in favor of Plaintiffs by
25 holding that Defendants' "adverse modification" determinations are arbitrary and capricious and
26 are contrary to law because Defendants relied upon suitable habitat outside of the designated
27 critical habitat in reaching its conclusion. Id. at 1075-76. The Ninth Circuit rejected two of
28

ORDER - 2

1  Plaintiffs' further arguments with respect to critical habitat. Id. at 1075. Finally, the Ninth Circuit
2  held that Defendants' use of "amendments" of biological opinions to include further evidentiary
3  support is impermissible. Id. at 1076-77.
4      The Ninth Circuit concluded:

> We conclude that the jeopardy analysis conducted by the FWS in the six BiOps at issue in this case was permissible and within the agency's discretion. We affirm the district court's grant of summary judgment to the agency in this respect. However, we conclude that the critical habitat analysis in the six BiOps was fatally flawed because it relied on an unlawful regulatory definition of "adverse modification" and it impermissibly substituted LSRs for critical habitat. Neither of these errors was harmless. We reverse the judgment of the district court and we remand, directing the district court to grant summary judgment to the Petitioners on the critical habitat inquiry.

Id. at 1077.

**ACCORDINGLY, IT IS HEREBY ORDERED**, pursuant to and in accordance with the Opinion issued by the United States Court of Appeals for the Ninth Circuit in Gifford Pinchot Task Force v. U.S. Fish & Wildlife Svc., 378 F.3d 1059 (9th Cir. 2004) and pursuant to the Decree of the Court issued February 7, 2005:

Plaintiffs are granted **SUMMARY JUDGMENT** on the critical habitat inquiry in accordance with the holding and instructions of the Ninth Circuit and with respect to these six United States Fish and Wildlife Service Biological Opinions:

1. Biological Opinion and accompanying Incidental Take Statement, FWS #1-7-98-F-079 (02/18/98), BLM/Coos Bay 1996-2000 modification projects. See Am. Complaint ¶ 33(d) and App. B No. 1.

2. Biological Opinion and accompanying Incidental Take Statement, FWS #1-7-98-321 (09/18/98), BLM/Medford FY 1999-2000 timber sales. See Am. Complaint ¶ 33(j) and App. B No. 14.

3. Biological Opinion and accompanying Incidental Take Statement, FWS #1-7-98-F-381 (09/29/98), Willamette Province Fiscal Year 1999 Habitat Modification Projects. See Am. Complaint ¶ 33(b) and App. B No. 122.

4. Biological Opinion and accompanying Incidental Take Statement, FWS #1-3-99-FR-0135 (01/20/99), Upper Iron Timber Sale. See Am. Complaint App. B No. 41.

5. Biological Opinion and accompanying Incidental Take Statement, FWS #1-3-98-F-0166 (04/30/98), La Roux Timber Sale. See Am. Complaint App. B No. 50.

6. Biological Opinion and accompanying Incidental Take Statement, FWS #1-3-99-F-0927 (09/23/99), Acci, Gnat and Smooth Juniper Timber Sales. See Am. Complaint App. B No. 45. (This biological opinion also includes other reference numbers: 1-3-99-F--0928, -1389; and 1-3-99-IC-1396 and -1397).

Dated this 5th day of April, 2005

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

Presented by:

s/ Stephanie M. Parent

Stephanie M. Parent (OSB #92590)
Attorney for Plaintiffs

ORDER - 4