Hon. Franklin D. Burgess

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GIFFORD PINCHOT TASK FORCE; NORTHWEST ECOSYSTEM ALLIANCE; PACIFIC CREST BIODIVERSITY PROJECT, Washington non-profit organizations; and, CASCADIA WILDLANDS PROJECT; NORTHWEST ENVIRONMENTAL DEFENSE CENTER; OREGON NATURAL RESOURCES COUNCIL FUND; AMERICAN LANDS ALLIANCE; BARK; KLAMATH-SISKIYOU WILDLANDS CENTER, Oregon non-profit organizations,<br><br>Plaintiffs,<br>vs.<br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendant<br><br>AMERICAN FOREST RESOURCES COUNCIL,<br><br>Defendant-Intervenor. | Case No.: C00-5462-FDB<br><br>STIPULATION AND ORDER TO SETTLE ATTORNEYS' FEES AND COSTS AND TO DISMISS |

WHEREAS, Plaintiffs, Gifford Pinchot Task Force, Northwest Ecosystem Alliance, Pacific Crest Biodiversity Project, Cascadia Wildlands Project, Northwest Environmental Defense Center, Oregon Natural Resources Council Fund, American Lands Alliance, Bark, and Klamath-Siskiyou Wildlands Center, commenced this action against the United States Fish and Wildlife

Page 1 – Stipulation

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503) 768-6727; (503) 768-6642 [FAX]

<pre>
</pre>

Service ("FWS") challenging approximately 119 biological opinions as arbitrary capricious and not in accordance with the Endangered Species Act (ESA);

WHEREAS, the Ninth Circuit issued its opinion and order on all legal claims with respect to six of the biological opinions for which FWS had produced administrative records and for which the District Court had entered final judgment pursuant to Fed. R. Civ. P. 54(b);

WHEREAS, pursuant to and in accordance with the Opinion issued by the United States Court of Appeals for the Ninth Circuit in <u>Gifford Pinchot Task Force v. U.S. Fish & Wildlife Svc.</u>, 378 F.3d 1059 (9th Cir. 2004) and pursuant to the Decree of the Court issued February 7, 2005, this Court granted summary judgment to Plaintiffs on the Northern Spotted Owl (NSO) critical habitat inquiry with respect to the six biological opinions, and granted summary judgment to the Federal Defendants on claims related to the jeopardy analysis for the NSO;

WHEREAS, FWS submitted a Notice regarding the Status of Biological Opinions on January 14, 2005 and submitted a Second Notice regarding the Status of Biological Opinions on March 4, 2005;

WHEREAS, Plaintiffs and FWS have discussed the status of the remaining biological opinions and projects within NSO critical habitat that these biological opinions authorize;

WHEREAS, the Parties have reached an agreement to resolve Plaintiffs' claim for attorney's fees and costs in this matter; and

WHEREAS, the parties enter this Stipulation without any admission of fact or law, or waiver of any claims or defenses, whether factual or legal.

NOW, THEREFORE, the Parties Stipulate and Agree as follows:

1. The Parties agree that to the extent the biological opinions at issue in this action, listed in Exhibit B to the First Amended Complaint, contain a determination that NSO critical habitat would not be destroyed or adversely modified, such biological opinions no longer cover projects likely to adversely affect NSO critical habitat because one or more of the following have occurred: the action agency has completed the project likely to adversely affect NSO critical

Page 2 – Stipulation

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503) 768-6727; (503) 768-6642 [FAX]

habitat; the action agency has withdrawn the project likely to adversely affect NSO critical habitat; the biological opinions have been superceded by more recent biological opinions with respect to NSO critical habitat; FWS has reinitiated consultation on the projects likely to adversely affect NSO critical habitat; or projects likely to adversely affect NSO critical habitat will be covered by future biological opinions.

2. As a result, Plaintiffs agree to dismiss with prejudice their claims against the remaining biological opinions at issue in this case, listed in Exhibit B to the First Amended Complaint.

3. The Parties agree that this Agreement is without prejudice to any of the Plaintiffs' rights to challenge any biological opinion that is not listed in Exhibit B to the First Amended Complaint.

4. The Parties agree that this action and this Agreement do not involve issues or claims against individual project decisions issued by federal agencies, even though such individual projects may or may not be the subject of consultation in the biological opinions listed in Exhibit B to the First Amended Complaint.

5. The Parties agree to settle all of Plaintiffs' claims for attorneys' fees and costs related to this matter in District Court for a total of $141,180.00 according to the schedule contained in paragraph 7. Payment will be made in favor of PEAC Client Trust, in accordance with a completed OMB form 1510 submitted by counsel for Plaintiffs to the FWS.

6. Counsel for Plaintiffs agrees to submit all necessary paperwork to the FWS within ten (10) business days of receipt of a date-stamped copy of this Agreement.

7. FWS agrees to request payment in the amount of $91,180.00 no later than 30 days from receipt of all necessary paperwork from Plaintiffs. FWS agrees to request payment of the remaining $50,000.00 on October 2, 2006, unless such action would violate the requirements of the Anti-Deficiency Act.

8. Plaintiffs agree to accept payment of $141,180.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation incurred for work in the District Court in this

Page 3 – Stipulation

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
(503) 768-6727; (503) 768-6642 [FAX]

1  matter.  Plaintiffs agree that receipt of this payment from FWS shall operate as a release of

2  Plaintiffs' claim for those attorneys' fees and costs.

3       9. By this agreement, FWS does not waive any right to contest fees claimed by any of the

4  Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any other future litigation.

5

6  Respectfully submitted and presented this ___9th___ day of March, 2006,

7

8    _/s/ Stephanie M. Parent_____        _/s/ Jean Williams for Keith Rizzardi__
  STEPHANIE M. PARENT (OSB # 92590)   KEITH RIZZARDI
9    Pacific Environmental Advocacy Center     United States Department of Justice
  10015 S.W. Terwilliger Boulevard           Ben Franklin Station
10   Portland, OR  97219                              P.O. Box 7369
  (503) 768-6736                                   Washington, D.C.  20044-7369
11   (503) 768-6642 [FAX]                    Telephone: (202) 305-0202

12

13

14

15   DAVID S. MANN (WSB #21068)        BRIAN KIPNIS
  Gendler & Mann, LLP                        Assistant United States Attorney
16   1424 Fourth Ave., Suite 1015            United States Attorneys Office
  Seattle, WA 98101                                Suite 5100
17   (206) 621-8868                                   601 Union St.
  (206) 621-0512 [FAX]                    Seattle, WA  98104-3109

18   Counsel for Plaintiffs                         Counsel for Defendant

19

20

21 IT IS SO ORDERED.

22 Dated this 10th day of December, 2005

23

24                                               FRANKLIN D. BURGESS
                                              UNITED STATES DISTRICT JUDGE

25

26

27

28 Page 4 – Stipulation                                                            Stephanie M. Parent
                                                             Pacific Environmental Advocacy Center
                                                             10015 SW Terwilliger Blvd.
                                                              Portland, OR 97219
                                                              (503) 768-6727; (503) 768-6642 [FAX]